IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERMAN HUNT, JR. § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-05-CV-0410-P |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Herman Hunt, Jr., appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1999, petitioner was released to mandatory supervision after serving part of a 50-year sentence for aggravated rape. Thereafter, on May 1, 2001, his supervision was revoked for an unspecified violation. Petitioner challenged this action on collateral review in state court. The Texas Court of Criminal Appeals denied habeas relief without written order. *Ex parte Hunt*, No. 19,356-04 (Tex. Crim. App. Aug. 25, 2004). Petitioner then filed this action in federal court.

II.

Petitioner contends that: (1) he was denied due process at his revocation hearing; and (2) the revocation of his mandatory supervision violated the ex post facto clause of the United States Constitution.

By order dated April 18, 2005, the court *sua sponte* questioned whether this case was time-

barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has addressed the limitations issue in a written reply filed on May 9, 2005. The court now determines that this action should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).[1] *See Reed v. Cockrell*, 2003 WL 21499278 at *1 (N.D. Tex. Jun. 25, 2003), *rec. adopted*, 2003 WL 21782256 (N.D. Tex. Jul. 17, 2003), *citing Kimbrell v. Cockrell*, 311 F.3d 361, 363-64 (5th Cir. 2002). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional" circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's mandatory supervision was revoked following a hearing on May 1, 2001. (*See* Hab. Pet. at 5). He challenged that action in an application for state post-conviction relief filed on August 7, 2003. The application was denied on August 25, 2004. Petitioner filed this action in federal court on December 20, 2004.[2]

The limitations period started to run on the date petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. At the very latest, this occurred on May 1, 2001 when his mandatory supervision was revoked. *See Reed*, 2003 WL 21499278 at *1. Yet petitioner waited more than one year before seeking habeas relief in federal court. In an attempt to excuse this delay, petitioner contends that he mailed his state writ to the trial court on April 17, 2002. However, through no fault of his own, the writ was not received until August 7, 2003. Even if the court accepts petitioner's explanation, his federal writ still is untimely. Petitioner waited 351 days after the revocation of his mandatory supervision to mail his state writ to the trial court. His federal writ was not sent to this court until 117 days after the Texas Court of Criminal denied habeas relief. Had petitioner diligently pursued his post-conviction remedies, this case could have been timely-filed. There is no basis for equitable tolling under these circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 404 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000) (equitable tolling of limitations period requires habeas petitioner to diligently pursue relief); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001), *citing Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[E]quity is not intended for those who sleep on their rights.").

---

[2] Although petitioner's application for writ of habeas corpus is dated December 20, 2004, it was not filed with the district clerk until March 1, 2005. The court need not investigate the cause of this 10-week delay because the case is barred by limitations in any event.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 17, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE