ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN 29 20__

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| HERMAN HUNT, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | 3:05-CV-410-P |
| DOUGLAS DRETKE, Director § | |
| Texas Department of Criminal § | |
| Justice, Institutional Division, § | |
| § | |
| Respondent. § | |

## ORDER

This is a writ of habeas corpus case filed by a state inmate pursuant to 28 U.S.C. § 2254. After referral of the case to a United States Magistrate Judge, the magistrate judge requested petitioner to file a reply explaining why this case was not barred by limitations. Petitioner filed his reply on May 9, 2005. The magistrate judge issued his Findings and Recommendation on May 17, 2005 concluding that the case was untimely filed, there was no basis for equitable tolling, and recommending dismissal of the case as time barred. Petitioner filed objections to the magistrate judge's report on June 6, 2005. In his objections, petitioner presents new evidence regarding the limitations issue that was not contained in his reply of May 9, 2005. Specifically, petitioner's May 9 reply explains the almost sixteen month delay from April 17, 2002, when he mailed his state writ to the state trial court, to August 7, 2003 when the writ was actually received by the state court. Petitioner's May 9 reply gives no explanation for the over eleven month delay from May 1, 2001, when his mandatory supervision was revoked, to April 17, 2002 when petitioner mailed his state writ to the state trial court. In light of petitioner's failure to

Order - Page 1

explain this delay, the magistrate judge determined that even if petitioner's explanations regarding the delay in the state court receiving the writ were accepted, the writ was untimely filed, petitioner had not shown due diligence and was not entitled to equitable tolling.

In his objections filed on June 6, petitioner for the first time addresses the delay from his revocation on May 1, 2001 to April 17, 2002. Petitioner states that after his parol revocation he was transferred to the Gorney Unit where he remained for four months until September 2001. From Gorney, petitioner was transferred to the Byrd Unit for fifteen days, then to the Gore Unit for another fifteen days. Petitioner then alleges he was transferred to the Aldridge Unit from October 2001 to January 2002. In January 2002, petitioner was transferred to the Powledge Unit, his final destination. It was at the Powledge Unit, petitioner alleges, where he received his property and began working on his state writ application. Petitioner further states that TDCJ-ID rules and regulations permit inmates to travel with only one bag of belongings during transit. Petitioner asserts he did not receive his other property until eight months after he began his transit through the TDCJ-ID system.

When a party presents evidence for the first time in his objections to the magistrate judge's report, it is within the district court's discretion whether to consider the new evidence. *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998); 28 U.S.C. § 636(b)(1). In exercising this discretion, the court is to consider, among other things, the reason for not presenting the evidence previously, the importance of the new evidence, and any unfair prejudice to respondent if the case is reopened to allow the new evidence. *Id.* Considering the above factors, the court finds petitioner's new evidence explaining the delay from May 2001 to April 17, 2002 should not be considered. Petitioner offers no explanation for not including this

Order - Page 2

evidence in his May 9 reply. Undoubtedly, the evidence was available to petitioner when he filed his May 9 reply. The magistrate judge's order of April 18, 2005 directed petitioner to file a reply "explaining why this case is not barred by limitations or why the statute of limitations should be tolled on equitable grounds." Hence, petitioner was on notice of the precise issues under consideration by the magistrate judge. There is no logical reason why petitioner chose to provide in his reply only a partial explanation for the delay in filing his state writ. On the facts of this cases, the court finds no reason to allow petitioner to provide a partial explanation to the magistrate judge, then if that does not work, provide another explanation which was known to petitioner all along. Thus, the court does not consider petitioner's new information contained in his objections to the magistrate judge's report.

However, even if the court were to consider petitioner's new evidence, the court finds that this case should be dismissed on limitations. Petitioner states he was at the Gorney Unit from May 2001 to September 2001 and at the Aldridge Unit from October 2001 until January 2002. Petitioner does not establish that Gorney or Aldridge did not have a law library, nor does petitioner establish why he was unable to work on his state writ during the seven months he was at those facilities. Although TDCJ-ID rules may limit the amount of property an inmate can take while in transit, petitioner gives no explanation why he did not take with him the documents needed to work on his state writ. The court finds that petitioner's most recent explanations do not establish diligence on his part and do not entitle petitioner to equitable tolling.[1]

After conducting a review of the pleadings, files and records in this case, and the Findings

---

[1] The court questions whether petitioner exercised due diligence during the process of tracing the state writ application he mailed on April 17, 2002. Petitioner makes no explanation why he did not simply file another writ instead of waiting almost sixteen months to find out what had happened to the application mailed in April.

Order - Page 3

and Recommendation of the United States Magistrate Judge, I am of the opinion that Findings and Recommendation of the magistrate judge are correct and are hereby accepted as the Findings of the court.

Signed this 29th day of June 2005.

                                                Jorge A. Solis
                                                United States District Judge